**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobbi Lee Felix,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>　　　　Defendant. | No. CV-11-01203-PHX-PGR<br><br>ORDER |

Among the motions pending before the Court is Defendant's Motion for Summary Judgment (Doc. 75). Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be denied as to the issue of whether the plaintiff's decedent, Steven Edward Martin, was justifiably killed by Border Patrol agent David Crow.[1]

Background

This action arose from the fatal shooting of Martin that occurred in Yuma, Arizona on December 22, 2008, at approximately 12:48 a.m.; Martin was twenty-one

---

[1] The Court notes that it has intentionally not discussed every argument raised by the parties and that those arguments not discussed were considered by the Court to be unnecessary to the resolution of the pending summary judgment motion.

at the time of his death. The basic facts of the case leading up to the shooting, very briefly stated, are as follows. Crow, who was on duty, in uniform, and driving his marked Border Patrol truck from his Border Patrol station to his area of responsibility, was passing by a Circle K when saw a man wearing a hoodie and carrying two cases of beer running away from the store; it was later determined that the man, Tyrone Mitchell, had shoplifted two cases of beer worth $43.34. Suspecting that a crime may have been taking place, Crow put on his vehicle's patrol lights, made u-turn, and went back to the Circle K. He then saw a car, later identified as Martin's car, which Martin was driving, come out of the alley next to the Circle K with its lights out. Crow, without stopping to check with the Circle K clerk to see what had happened inside the store and without knowing if the car was associated with the man who had run from the store, drove slowly towards Martin's car with his emergency lights flashing, at which time Martin put his car in reverse and backed quickly down the alley. Crow drove after Martin's car, which hit at least one trash can in the alley before crashing into a chain link fence; the crash caused Martin's car to come to a stop and flattened one of its rear tires. Crow stopped his car in the alley a number of feet in front of Martin's car, at which time the cars were fronting each other in a nose to nose position, drew his service weapon and proceeded to move on foot at a diagonal left to right direction in front of his car towards the driver's door of Martin's car. According to Crow, Martin's car then lurched forward and began to rapidly accelerate towards him and Crow, believing that the car was going to run him over and that he could not get out of the car's path, fired two shots at the car in rapid succession, after which the car immediately came to a stop. Crow's second shot went through the windshield of Martin's car, struck Martin in the abdomen and mortally wounded him. At the time of the shooting, Crow

did not know that there was a passenger in Martin's car.

Discussion

The complaint alleges that the United States is liable for Martin's death under the Federal Tort Claims Act because Crow negligently caused Martin's death; the complaint alleges in part that Crow's negligence included "the unreasonable belief that [Martin] was going to run him over; [and] the unjustified, deliberate, reckless and excessive use of deadly force[.]"

Since Martin's allegedly wrongful conduct occurred in Arizona, Arizona law governs the propriety of Crow's conduct. 28 U.S.C. § 1346(b)(1). Under Arizona law, Crow, and thus the United States under the FTCA, would not be subject to civil liability if Crow's shooting of Martin was justified under the relevant provisions of the Arizona Criminal Code. A.R.S. § 13-413. In Arizona, a person is legally justified in using deadly force "[w]hen and to the degree a reasonable person would believe that deadly physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly physical force[,]" A.R.S. § 13-405, with one exception being that the person using deadly force is not justified in doing so if that person "provoked the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(b)(3).

The United States seeks summary judgment in part on the ground that no liability may attach to it under Arizona law because Crow was legally justified in shooting Martin in order to protect his own life. The United States' defense is premised on its position that the Court can decide as a matter of law that Crow shot Martin in self-defense because the undisputed evidence shows that Crow believed that Martin was going to run him over. The issue, however, is whether a reasonable person would believe that the use of deadly force was immediately necessary under

the circumstances present at the time of the shooting. The plaintiff argues that the evidence of record does not permit the Court to make that decision on summary judgment as matter of law. The Court agrees, given that the evidence submitted by the plaintiff, taken as true, together with all justifiable inferences from that evidence drawn in her favor, is sufficient to create genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

As an initial matter, the Court agrees with the United States that the plaintiff's claims that Crow acted negligently in his actions leading up to the fatal shooting, such as his allegedly negligent pursuit of a shoplifting suspect and his allegedly negligent act of placing himself in the path of Martin's car, are not legally relevant to the issue of whether Crow was justified in shooting Martin. Crow's negligence, if any, does not adversely impact his ability under the law to use deadly force to save his own life because "[n]egligence, wanton or otherwise, does not, as a matter of law constitute provocation under Arizona self defense statutes." Garcia v. United States, 826 F.2d 806, 813 (9th Cir.1987) (In an Arizona-based FTCA case in which the plaintiff alleged that a Border Patrol agent negligently shot him, the court concluded that A.R.S. § 13-413 protected the United States from liability if the agent was legally justified in using deadly force under A.R.S. § 13-405 even if the agent did so negligently and his negligence proximately caused the plaintiff's injury.) [2]

It is undisputed that the use of an automobile in an attempt to run someone

---

[2] The Court notes that the United States' citation to pre-2007 unpublished decisions of the Ninth Circuit, such as Lopez v. United States, 1994 WL 52639 (9th Cir. Feb. 22, 1994) and Tracas v. Denney, 1997 WL 730271 (9th Cir. Nov. 24, 1997), is improper under Ninth Circuit Rule 36-3(c) and the Court has not considered those citations.

over may, in proper circumstances, constitute the use or attempted use of unlawful deadly physical force against which deadly force may be use for the purpose of self-defense. Nevertheless, summary judgment is not appropriate here due to genuine issues of fact concerning the timing and sequence of events.

Although the United States contends that Crow was justified in shooting Martin because all of the physical and expert evidence establishes that Martin's car was moving towards Crow at the time of the shooting, the Court is not persuaded that the mere fact of the car's movement towards Crow is all that is necessary to establish justification under the evidence of record.[3] The car's forward movement is not in and of itself dispositive because the plaintiff has submitted significant probative evidence that creates genuine disputes of fact concerning the speed that Martin's car might have been moving at the time of the shooting and whether Crow was in the zone of danger at the time he fired his second shot, which by all accounts was the killing shot, all of which is relevant to the issue of the degree of the threat Martin's car

---

[3] The Court notes that there is some witness testimony that Martin's car was not moving at all when Crow fired at it: Tyrone Mitchell, the passenger in Martin's car (and the only other living eye witness besides Crow to the entirety of the incident), testified that while he heard the sound of the engine of Martin's car revving up just before Martin was shot, the car did not accelerate and was "absolutely not" moving right before Martin was shot and that Martin "absolutely [was] not" trying to run over Crow when he was shot, and another witness, Andres Castillo, whose bedroom window overlooked the alley where Martin's car was at the time of the shooting, testified that he looked out his window just in time to see Crow fire his weapon and that Martin's car was not moving at that time.

The United States discounts this evidence as a mere scintilla of evidence that is insufficient to defeat summary judgment in light of the physical and expert evidence establishing that Martin's car clearly moved forward away from the fence. While this testimony, especially Mitchell's, may be factually implausible given the entirety of the evidence, the Court need not decide how significantly probative this testimony may be because the Court's conclusion that there are genuine issues for trial is based on the more persuasive expert evidence.

posed to Crow and thus to the reasonableness of Crow's decision to use deadly force on Martin.

The evidence provided by Joseph Manning, the plaintiff's accident reconstruction expert, whose expertise the United States has not challenged, provides supports for the plaintiff's position that the justification and self-defense issues cannot be determined as a matter of law. For example, Manning, while agreeing both that Martin's car moved forward towards Crow at some point after it came to a stop as a result of backing into the fence and that it is possible that the car was moving towards Crow, but not necessarily accelerating, when Crow fired at it, opined in part that there is insufficient physical evidence to determine the speed of the car or its location at the time of the shooting, that there is no evidence that Martin's car rapidly accelerated towards Crow after hitting the fence, and that there is no evidence that Martin attempted to hit Crow with his car. According to Manning, the physical evidence shows that Crow was no longer in front of Martin's car when he fired his second shot, but was instead some two feet off to the left front side of Martin's car, and it is his opinion that there is no physical evidence indicating that Martin's car would have struck Crow when the second shot was fired. Manning further opined that there is in effect no scientific foundation for the opinions on speeds and the timing of events issued by Timothy Leggett, the United States' accident reconstruction expert.[4] The Court concludes that Manning's evidence is

---

[4] For example, while Leggett's opinion is that Martin's car was traveling 5.4 m.p.h. when Crow fired his first shot and 6.7 m.p.h. when he fired his second shot, Manning opined that those figures were too high because Leggett used assumed values and an unrealistically high acceleration rate in making his speed calculations for Martin's car. Leggett, in turn testified that Manning's belief that Martin's car was only traveling about three m.p.h. at the time of the second shot is not supported by the ballistics evidence.

sufficient by itself to defeat summary judgment for the United States. *See* In re Worlds of Wonder Securities Litigation, 35 F.3d 1407, 1425 (9th Cir.1994) ("As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving's party's case."); Thomas v. Newton International Enterprises, 42 F.3d 1266, 1270 (9th Cir.1994) ("Expert opinion evidence is itself sufficient to create a genuine issue of disputed fact sufficient to defeat a summary judgment motion.")

Furthermore, the testimony of Sergeant Ruby of the Yuma Police Department, the main police investigator for the shooting, also supports the plaintiff's position that there are triable issues of fact. For example, Ruby testified that his use of trajectory rods for Crow's second shot established that Crow was not in the path of Martin's car when the second shot was fired as Crow was off the car's left bumper, that although his investigation determined that Martin's car accelerated at some point after hitting the fence he could not say at what point in the shooting scenario the acceleration took place, and that after the shooting the position of the tires of Martin's car showed that the car was moving away from Crow. Ruby also testified that after the shooting, Martin's car's engine was running but the gear shift was in the park position and that he did not know who placed the vehicle in park.

In summary, the entry of summary judgment in favor of the United States is not appropriate because the evidence of record, viewed in the plaintiff's favor, does not permit the Court to conclude as a matter of law that Martin posed such a threat to Crow that Crow was justified in using deadly force on him.

Also pending before the Court is the United States' Motion to Exclude Plaintiff's Expert (Doc. 58), wherein the United States seeks to exclude D. P. Van Blaricom, the plaintiff's police procedures expert, from testifying as an expert witness

in this case. The United States' position is that Van Blaricom is not an expert in Border Patrol policies, procedures, or practices, his opinions are not based on scientific, technical or other specialized knowledge relevant to this case, and his opinions will not assist the trier of fact in determining a fact at issue.

Since the Court did not rely in any manner on Van Blaricom's opinions and testimony in resolving the summary judgment motion, and because the trial of this FTCA action will be to the Court, the Court, as is its normal practice, will resolve any Fed.R.Evid.702 issues concerning Van Blaricom's testimony and/or the admission of his expert report as they may arise on an issue by issue basis at trial. Therefore,

IT IS ORDERED that the United States' Motion to Exclude Plaintiff's Expert (Doc. 58) is denied without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 75) is denied.

IT IS FURTHER ORDERED that the parties shall file their Joint Pretrial Statement no later than **March 25, 2013**.[5]

IT IS FURTHER ORDERED that the Pretrial Conference shall be held on **Monday, April 22, 2013, at 11:30 a.m.** in Courtroom 601.[6]

IT IS FURTHER ORDERED that the parties shall file their trial briefs and initial proposed findings of fact and conclusions of law no later than **April 29, 2013**.[7]

---

[5] The parties shall review paragraph 5 of the Scheduling Order (Doc. 15).

[6] The parties shall review paragraph 7 of the Scheduling Order (Doc. 15).

[7] The parties shall review paragraph 8 of the Scheduling Order (Doc. 15). The parties are advised that the Court's usual practice is to provide the parties with the opportunity to submit supplemental proposed findings of fact and conclusions of law, as necessary, after the conclusion of the bench trial.

IT IS FURTHER ORDERED that the bench trial of this action shall commence on **Tuesday, May 14, 2013, at 9:00 a.m.** in Courtroom 601 of the Sandra Day O'Connor United States Courthouse in Phoenix, AZ.

DATED this 22nd day of January, 2013.

Paul G. Rosenblatt
United States District Judge